# RE JUAN RODRIGUEZ.

Ponce, Bankruptcy, No. 199.

LIEN OF LOCAL ATTACHMENT.

Bankruptcy—Prior Attachment.

The pendency of an attachment proceeding does not oust the jurisdiction of the bankruptcy court to determine whether and how far the attachment is valid.

Opinion filed January 8, 1918.

*Mr. Ed. Flores Colon* for petitioning creditor.

*Mr. A. S. Poventud* for attaching creditor.

HAMILTON, Judge, delivered the following opinion:

The facts in this case show that on April 17, 1916, one Adolfo Gierbolini filed a complaint in the local district court of Ponce against Juan Rodriguez for debt. On the same day property was attached and brought into court, and afterwards on June 22 the property was sold as perishable and the proceeds deposited in the local court. On May 31, 1917, judgment was rendered for the plaintiff. On June 25, 1917, creditors, including Amador Torres, filed a petition in the Federal court against Juan Rodriguez in involuntary bankruptcy, and on July 26 the said Rodriguez was adjudicated a bankrupt and order of reference made.

Re Rodriguez.

A petition was filed in this court on November 26, stating that the money in the local court is the only asset of the bankrupt, and praying that proceedings be stayed in the local court. This is opposed upon the authority of Yumet v. Pilar Hermanos in this court, on the ground that the lien of an attachment is not disturbed by an adjudication in bankruptcy, even though the judgment be recovered within four months of the adjudication.

Of this principle there can be no doubt, but this point is not involved. The question in the case at bar is, Who shall decide upon the validity and priority of the attachment lien? Suppose, for instance, that there was a mortgage or other lien upon the property prior to the attachment, it could not be contended that the proceeds of the attachment must nevertheless be paid over to the attaching creditor. Or, if the attachment was defective, or fraudulent, or otherwise subject to attack, could this result be permitted. It is of course not intended to intimate that there was anything wrong with the attachment in this case, but merely to illustrate the principle that, while the attachment, if valid, gives a lien, it does not necessarily decide the validity of the proceedings, and does not decide the priority of the lien. All liens must be presented and classified by the court of bankruptcy; that is to say, for all ordinary purposes, the referee in bankruptcy. This was the course taken in this court in the Yumet Case, above cited.

It follows, therefore, that the motion staying proceedings must be granted, and all further steps must be taken before the referee at Ponce. It does not seem necessary for this court to appoint a receiver, as all steps necessary for preserving and

distributing the property in accordance with the liens and claims should be taken by the referee.

The motion is granted.

It is so ordered.